**Casey RUUD, Petitioner,**

**Westinghouse Hanford Company, Intervenor,**

v.

**U.S. DEPARTMENT OF LABOR; Westinghouse Hanford Company, Respondents.**

No. 02–71742.
OWCP Nos. ARB–99–023,
ALJ–88–ERA–33.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Sept. 9, 2003.

Decided Oct. 22, 2003.

Thad M. Guyer, Esq., Seattle, WA, for Petitioner.

Stuart R. Dunwoody, Esq., Davis, Wright, Tremaine LLP, Seattle, WA, for Intervenor.

Joan Brenner, Esq., U.S. Department of Labor, Washington, DC, for Respondent.

Before THOMPSON, HAWKINS, and BERZON, Circuit Judges.

### MEMORANDUM *

Casey Ruud appeals from a decision of the Department of Labor (DOL) Administrative Review Board ("ARB") approving the settlement of his whistleblower retaliation complaint against Westinghouse Hanford pursuant to the Clean Air Act, 42 U.S.C. § 7622(b), and the Comprehensive Environmental Response, Compensation and Liability Act ("CERCLA"), 42 U.S.C. § 9610(b). Ruud argues that the ARB was bound by its prior decision to reject the settlement agreement on the basis of Westinghouse Hanford's breach of that agreement. Because the facts are familiar to the parties, we recount them only as necessary to explain our decision.

The agency's decision must be affirmed unless it is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law." 5 U.S.C. § 706(2)(A); *see also* 42 U.S.C. §§ 7622(c)(1) and § 9613(j)(2).

■ 1. The law of the case doctrine does not prevent the ARB from reconsidering its previous decision to disapprove the settlement in this case. At the time the ARB decided to reconsider its decision, the agency's own precedents permitted reconsideration if a previous decision was erroneous. *See In re U.S. Postal Serv. ANET and WNET Contracts,* No. 98–131, 2000 WL 1100166, at *9 (ARB Aug. 4, 2000) ("[A]djudicative bodies may revisit their own earlier legal conclusions in a pending case to correct errors without running afoul of the 'law of the case.' ").

■ 2. The ARB determined that its previous decision to disapprove the settlement agreement on the basis of Westinghouse Hanford's subsequent retaliatory conduct was erroneous because (a) the Secretary lacks jurisdiction to enforce a settlement agreement; and (b) its own case law establishes that breach of a settlement agreement is not a relevant consideration in the Secretary's decision whether to enter into a settlement agreement.

(a) While true that the enforcement of the settlement agreement would lie within the exclusive jurisdiction of the district court, *see* 42 U.S.C. § 7622(e)(1), the Secretary is entitled to consider a party's bad faith conduct in deciding whether to approve a settlement. An action to enforce a settlement agreement is distinct from the

---

\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Secretary's decision whether to enter into a settlement agreement. Agency and federal court decisions require that any settlement entered into by the Secretary be fair, adequate, and reasonable. *See, e.g., Thompson v. U.S. Dep't of Labor*, 885 F.2d 551, 557 (9th Cir.1989) (Secretary may consider whether settlement is "fair and reasonable"); *Balog v. Med–Safe Systems, Inc.*, No. 99–034, 2000 WL 1366996 (ARB Sept. 13, 2000), at *3 (ARB "reviews settlement agreements to determine whether the terms are a fair, adequate and reasonable settlement of the complaint."). The Secretary is free to determine that a settlement agreement is not fair, adequate, and reasonable in light of a party's subsequent bad faith behavior, and in so doing does not infringe upon the jurisdiction of the district court to enforce such an agreement.

(b) The ARB correctly concluded that its previous decision to reject the settlement agreement was inconsistent with its own cases holding that a party's breach should not be considered in reviewing a settlement agreement. *See Balog*, 2000 WL 1366996, at *5 (where there has been no material change in circumstances, settlement agreement should not be rejected; to the extent breach is alleged, the injured party has adequate legal remedies available); *Blanch v. Northeast Nuclear Energy Co.*, No. 90–ERA–11, 1994 WL 897323 (Sec'y May 11, 1994), at *2 (approving agreement as fair, adequate, and reasonable despite one party's allegation of breach, and noting that violation of a settlement may constitute an independent violation that may form the basis of a new complaint); *Gillilan v. Tennessee Valley Authority*, No. 89–ERA–40, 1994 WL 897318 (Sec'y April 12, 1994), at *2 (complainant's assertion that the agreement has been breached "is an insufficient reason to disapprove the settlement"); *O'Sullivan v.*

*Northeast Nuclear Energy Co.*, No. 90–ERA–35, 1990 WL 656112 (Sec'y Dec. 10, 1990), at *1 (allegations of breach "may be the basis of a new complaint ..., but are not grounds" for refusing to approve the settlement).

Thus, although the ARB erred in concluding that it did not have jurisdiction to consider subsequent bad faith behavior in the course of reviewing a settlement agreement, its reconsideration of its prior decision was not arbitrary and capricious in light of the inconsistency of that decision with the ARB's prior case law. The ARB correctly concluded that its prior decision to disapprove the settlement agreement was erroneous given its own precedents.

Accordingly, we AFFIRM the decision of the ARB.